UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARYL W. WYNDER,

    Plaintiff,

v.

TROOPER WOMACK, et al.,

    Defendants.

Civ. No. 17-13239 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Daryl W. Wynder, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff was incarcerated at Southern State Correctional Facility in Delmont, New Jersey, at the time his submitted this action. Previously, this Court granted plaintiff's request to proceed *in forma pauperis*. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed, albeit without prejudice against four of the defendants.

## II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names seven defendants in this action; they are as follows: (1) Trooper Womack; (2) Trooper Norton; (3) New Jersey State Police; (4) New Jersey State Parole Board; (5) Cumberland County; (6) City of Bridgeton; and (7) John Does.

---

[1] After plaintiff submitted his *pro se* complaint, Paul R. Melletz, Esq. entered an appearance as counsel on plaintiff's behalf. (*See* ECF 7)

Plaintiff alleges that he was pulled over by Womack due to racial profiling in the Township of Fairfield in Cumberland County, New Jersey on September 7, 2016. Plaintiff was out on parole supervision at that time. According to plaintiff, Womack alleged that he smelt old burnt marijuana. Womack then searched plaintiff's vehicle, but no marijuana or drug paraphernalia was discovered. However, plaintiff states that Womack now along with Trooper Newton alleged that they found a gun. Accordingly, plaintiff was charged with possession of this weapon.

The weapons charge was assigned to the Cumberland County Prosecutor's Office. Womack testified before the grand jury. However, the grand jury ultimately did not indict plaintiff. The case against plaintiff on the weapons charge was then dismissed. Plaintiff states that a John Doe prosecutor maliciously prosecuted him on these charges without any probable cause.

While somewhat unclear from the complaint, it appears as if plaintiff though was incarcerated for violating his parole in light of this gun charge. Indeed, plaintiff states that in November, 2017, he was before the New Jersey State Parole Board (the "Board"). The Board confirmed that plaintiff's weapons charge had been dismissed. The Board told plaintiff at or around that time that he was only being confined due to the weapons charge. Nevertheless, the Board denied plaintiff parole. It further gave plaintiff a future eligibility date of twenty-seven months.

According to plaintiff, the Board violated his due process rights and falsely imprisoned him. He seeks monetary damages as relief in this action.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>New Jersey State Police & New Jersey State Parole Board</u>

Plaintiff names as defendants the New Jersey State Police and the New Jersey State Parole Board. Arms of the state such as the New Jersey State Police are not subject to suit under

4

§ 1983. *See Vance v. New Jersey Div. of Law and Public Safety*, No. 12-4006, 2017 WL 3895553, at *4 (D.N.J. Sept. 5, 2017) (noting that the Division of State Police is an arm of the state not amendable to suit as a person under § 1983) (citing *Gonzalez v. Bobal*, No. 13-1148, 2015 WL 1469776, at *3 (D.N.J. Mar. 30, 2015); *Longoria v. New Jersey*, 168 F. Supp. 2d 308, 316 (D.N.J. 2001)); *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012). Similarly, the New Jersey State Parole Board is not a "person" within the language of § 1983. *See Clauso v. Solomon*, No. 14-5280, 2017 WL 1528712, at *5 (D.N.J. Apr. 27, 2017) (citing *Madden v. New Jersey State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971); *Thrower v. New Jersey State Parole Bd.*, 438 F. App'x 71, 72 (3d Cir. 2011)). Accordingly, plaintiff's claims against these two defendants will be dismissed with prejudice.

B. John Does – Members of Parole Board

Plaintiff also appears to be attempting to sue John Doe members of the New Jersey Parole Board for denying him parole. However, '[t]he Third Circuit has ruled that 'probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties,' such as serving as a hearing examiner or making a decision to revoke or deny parole." *Fields v. Venable*, No. 13-7134, 2016 WL 452313, at *10 (D.N.J. Feb. 5, 2016) (quoting *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989) (citing *Keller v. Pa. Bd. of Prob. & Parole*, 240 F. App'x 477, 480 (3d Cir. 2007)). Accordingly, plaintiff's claims against the John Doe members of the Parole Board are also dismissed with prejudice.

C. John Doe – Prosecutor on Weapons Charge

It also appears as if plaintiff is attempting to bring claims under § 1983 against the prosecutor who prosecuted plaintiff's gun charge. However, plaintiff fails to state a claim against this John Doe. The prosecutor is immune from § 1983 liability for actions taken in connection

with initiating and pursuing this criminal prosecution. *See Dotts v. Stacy*, No. 17-2057, 2017 WL 2267265, at *3 (D.N.J. may 23, 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 93d Cir. 2012)). Accordingly, plaintiff's claims against this John Doe prosecutor are also dismissed with prejudice.

D. Trooper Womack

Plaintiff appears to make two separate claims against Womack. First, he alludes to the fact that Womack racially profiled him when Womack pulled him over. Second, plaintiff alleges that Womack falsely imprisoned him. Both of these claims are considered in turn.

i. *Racial Profiling*

As one court has noted with respect to making out a racial profiling claim:

> To make a Fourteenth Amendment equal protection claim based upon selective enforcement or racial profiling, a plaintiff must show that law enforcement actions: "(1) had a discriminatory effect and (2) were motived by a discriminatory purpose. *Bradley v. United States,* 299 F.3d 197, 205 (3d Cir. 2002). To prove discriminatory effect, a plaintiff must "show that he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class." *Id.* at 206. That effect "may be proven by naming similarly situated members of an unprotected class who were not selected for the same [treatment] or, in some cases, by submitting statistical evidence of bias." *Id.; see also Alvin v. Calabrese,* 455 F. App'x 171, 177 (3d Cir. 2011); *Suber v. Guinta,* 927 F. Supp. 2d 184, 2013 WL 754694, at *13 (E.D. Pa. Feb. 28, 2013).
>
> *Brockington v. Spano,* No. 11–6429, 2013 WL 1811903, at *5 (D.N.J. Apr. 29, 2013); *see also Carrasca v. Pomeroy,* 313 F.3d 828, 834 (3d Cir.2002) ("To prevail on an equal protection claim in the racial profiling context, Plaintiffs would have to show that the challenge law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose ... To prove discriminatory effect, Plaintiffs must show that they are members

of a protected class and 'similarly situated' persons in an
unprotected class were not prosecuted") (internal citation omitted).

*Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *4 (D.N.J. Dec. 9, 2014); *see also Velez v. Fuentes*, No. 15-6939, at *4 (D.N.J. July 29, 2016).

In this case, plaintiff does not allege what race he is. Furthermore, aside from stating in conclusory fashion that he was "racially profiled," the complaint fails to allege that he was treated differently from similarly situated individuals of another race. Indeed, the allegations of his complaint with respect to being purportedly racially profiled are confined to his incident. The allegations therefore fail to properly state a racial profiling claim against Womack. *See Mitchell v. Twp. of Pemberton*, No. 09-810, 2010 WL 2540466, at *6 (D.N.J. June 17, 2010) ("The Supreme Court's and, accordingly, the Third Circuit's recent clarification of the standard for reviewing a complaint to determine whether a valid claim has been advanced instructs that a plaintiff, such as Plaintiff in this case, cannot merely claim that a racial profiling policy or custom caused a constitutional violation, without a single fact, aside from Plaintiff's particular incident, to support such a claim."). Accordingly, plaintiff's racial profiling claim against Womack will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    ii.    *False Imprisonment*

Plaintiff also alleges a false imprisonment claim against Womack when he arrested him for gun possession on September 7, 2016.

> "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre,* 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988)). A claim for false imprisonment arises when a person is arrested without probable

> cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst,* 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman,* 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office,* No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan.31, 2012) (citing *Groman,* 47 F.3d at 636).
>
> "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't,* 502 F. App'x 225, 228 (3d Cir. 2012) (not precedential; citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.,* 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee,* 502 F. App'x at 228 (citation omitted). Additionally, where a plaintiff is arrested for multiple charges, establishing probable cause with respect to any one charge is sufficient to defeat Fourth Amendment claim. *See Startzell v. City of Phila.,* 533 F.3d 183, 204 n.14 (3d Cir. 2008).

*Conner v. Mastronardy*, No. 13-3034, 2014 WL 2002350, at *3 (D.N.J. May 14, 2014).

The complaint fails to state a false imprisonment claim against Womack. Specifically, plaintiff fails to state that Womack lacked probable cause to arrest him. Plaintiff does indeed state in the complaint that there were no fingerprints or DNA evidence found (presumably on the gun). However, he does not allege that no gun was found by Womack in plaintiff's vehicle. As such, this Court finds that the complaint as written fails to state with facial plausibility that Womack should be found liable for false imprisonment arising out of plaintiff's arrest for gun possession. *Cf. Pettway v. City of Vineland*, No. 13-470, 2015 WL 2344626, at *5 (D.N.J. May 14, 2015) (where officers found firearm in vehicle driven by a convicted felon, no reasonable

jury could determine that the officers lacked probable cause to bring charges against plaintiff). Thus, both of plaintiff's claims against Womack will be dismissed without prejudice.

E. Trooper Norton

Plaintiff's allegations against Norton appear to be like that of Womack. Accordingly, for the reasons discussed above, plaintiff's claims against Norton will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

F. Cumberland County/City of Bridgeton

Finally, plaintiff seeks to bring his § 1983 claims against Cumberland County and the City of Bridgeton. According to plaintiff, Cumberland County is the county of employment of defendants Womack, Norton, the New Jersey State Police and the City of Bridgeton. According to plaintiff, the City of Bridgeton is the municipality where Womack obtained a warrant where he alleged he had probable cause.

This Court notes that a municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior* liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Additionally, the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint must identify a custom or policy, and specify exactly what the custom or policy was); *Karmo v. Borough of Darby*, No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 25, 2014) (same). Accordingly, plaintiff's claims against Cumberland County and the City of

Bridgeton will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.  CONCLUSION

For the foregoing reasons, plaintiff's claims against the New Jersey State Police, the New Jersey State Parole Board, John Doe members of the New Jersey State Parole Board, and the John Doe prosecutor who prosecuted plaintiff's gun charge are dismissed with prejudice. Plaintiff's claims against Trooper Womack, Trooper Norton, Cumberland County and the City of Bridgeton are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have the opportunity to file a proposed amended complaint, but only as to the claims that have been dismissed without prejudice. An appropriate order will be entered.

DATED:  October 2, 2018                            _s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge