UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARYL W. WYNDER,

      Plaintiff,

v.

TROOPER WOMACK, et al.,

      Defendants.

Civ. No. 17-13239 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Before the Court is Plaintiff, Daryl W. Wynder's counseled motion to reopen the case and proposed amended complaint ("amended complaint") (ECF No. 10). Initially, Plaintiff filed this civil rights action, *pro se*, pursuant to 42 U.S.C. § 1983,[1] and the Court dismissed the complaint after screening for failure to state a claim. (ECF Nos. 8 and 9). At this time, this Court must screen the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Court will dismiss with prejudice Plaintiff's kidnapping claims, dismiss without prejudice the remainder of the amended complaint, and deny Plaintiff's motion to reopen.

**I.    BACKGROUND**

    The Court will construe the allegations in the amended complaint as true for the purpose of this Opinion. Further, since the parties are intimately familiar with the facts of this case, and because the Court reviewed the background of this action in its earlier Opinion, the Court will only

---

[1] After Plaintiff submitted his *pro se* complaint, Paul R. Melletz, Esq. entered an appearance as counsel on Plaintiff's behalf. (*See* ECF No. 7)

articulate those facts necessary to address the motion before the Court. In his amended complaint, Plaintiff names only Officers Womack and Norton as Defendants in this action.

On September 7, 2016, Defendant Womack pulled over Plaintiff's vehicle. Plaintiff was out on parole supervision at that time, on an unrelated offense. Defendant Womack claimed that he smelled old burnt marijuana emanating from Plaintiff's vehicle. Defendant Womack then searched some parts of the vehicle but did not find any marijuana or drug paraphernalia.

Thereafter, Defendants Womack and Norton searched the remainder of the vehicle, found a gun in the engine compartment, and charged Plaintiff with various weapons charges. The State presented the charges before a grand jury, which ultimately did not indict Plaintiff, resulting in a dismissal of the charges.

As the Court noted in its prior Opinion, it is unclear exactly what transpired next. It appears that Plaintiff was detained or incarcerated as a result of the weapons charges. Then, on or about November 27, 2017, Plaintiff appeared before members of the New Jersey State Parole Board, who denied parole and gave Plaintiff a future eligibility date of twenty-seven months, due to the weapons charges. As a result, Plaintiff was detained or incarcerated from September 7, 2016, until May 7, 2018.

Plaintiff filed his initial complaint in December of 2017, and the Court dismissed the complaint for failure to state a claim. (ECF Nos. 8, 9). Plaintiff now brings a counseled amended complaint, setting forth racial profiling, due process, false imprisonment, false arrest, and kidnapping claims against Defendants Womack and Norton.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

### A. Racial Profiling

With those principles in mind, to set forth a Fourteenth Amendment equal protection claim based on racial profiling, a plaintiff must show that: (1) a discriminatory purpose motivated the defendant's actions and (2) that those actions had a discriminatory effect. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prove a discriminatory effect, a plaintiff must allege that he is a member of a protected class and that a defendant treated him differently from members of an unprotected class. *Id.* at 206.

Previously, this Court held that the complaint failed to allege what race Plaintiff is and failed to allege that Defendants treated him differently from similarly situated individuals of another race. Plaintiff only offered the bare conclusion that Defendants "racially profiled" him. (ECF No. 8, at 7). Indeed, Plaintiff limited the allegations in his complaint, with respect to racial profiling, entirely to his incident. (*Id.*). With those conclusions in mind, Plaintiff's counseled amended complaint does not address any of those deficiencies. (ECF No. 10-4). Accordingly, the Court will dismiss Plaintiff's racial profiling claims without prejudice for failure to state a claim.

### B. Due Process, False Arrest, and False Imprisonment

Next, under three separate counts, the amended complaint alleges that Defendants violated due process, falsely arrested, and falsely imprisoned Plaintiff. As an initial matter, however, Plaintiff cannot maintain an independent due process claim based on allegations sounding in false arrest and imprisonment. Instead, the Court must analyze Plaintiff's claims, "under the Fourth Amendment, and not under the more general due process guarantees of the Fourteenth Amendment." *Sharif v. City of Hackensack*, No. 17-12410, 2018 WL 5619721, at *3 (D.N.J. Oct. 29, 2018)(citing *Albright v. Oliver*, 510 U.S. 266, 271–73 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of

4

government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotation marks omitted)).

Under the Fourth Amendment, to state a claim for false arrest and false imprisonment, a plaintiff must demonstrate: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Further, a claim for false imprisonment arises when officers arrest a person without probable cause and subsequently detain that person pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam). "Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause." *E.g.*, *Conner v. Mastronardy*, No. 13-3034, 2014 WL 2002350, at *3 (D.N.J. May 14, 2014).

As the Court previously held, Plaintiff failed to allege that Defendants lacked probable cause to arrest him, and the amended complaint suffers from the same fatal defect. *Cf., e.g.*, *Rosado v. Figge*, No. 15-275, 2015 WL 4356803, at *3 (M.D. Pa. July 14, 2015) ("A claim of false arrest under § 1983 requires an assertion that the police lacked probable cause to make an arrest.").

Further, this Court observed that once Defendants discovered the gun in Plaintiff's vehicle, they had probable cause to arrest Plaintiff. *Cf. Pettway v. City of Vineland*, No. 13-470, 2015 WL 2344626, at *5 (D.N.J. May 14, 2015) (finding that where officers found a firearm in vehicle driven by a convicted felon, no reasonable jury could determine that the officers lacked probable cause to bring charges against plaintiff). Since the amended complaint offers no facts to challenge those conclusions, the amended complaint, as written, fails to state a claim of false arrest or false imprisonment.

Assuming *arguendo*, that the Court broadly construed the amended complaint, as if Plaintiff were still proceeding *pro se*, Plaintiff may be implying that the arrest was unlawful

because the initial traffic stop lacked reasonable suspicion, or the subsequent search lacked probable cause. *See United States v. Mosley*, 454 F.3d 249, 255 n.9 (3d Cir. 2006)("A traffic stop requires only reasonable suspicion to believe that a traffic violation has been committed."); *United States v. Burton*, 288 F. 3d 91, 100 (3d Cir. 2002)(stating that under the automobile exception, law enforcement may search an automobile without a warrant if probable cause exists to believe it contains contraband).

The amended complaint, however, offers no factual allegations to arrive at those conclusions. The only allegation related to the initial stop is the conclusory assertion that Defendant Womack "racially profiled" Plaintiff. (ECF No. 10-4, at 3). The mere allegation that a traffic stop was unlawful or based on racial profiling, however, is insufficient. *E.g.*, *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *3 (D.N.J. July 29, 2016). Stated differently, Plaintiff fails to provide facts "to support his conclusory assertion that he was . . . racially profiled," or that the traffic stop otherwise lacked reasonable suspicion. *Id.* For example, the amended complaint does not allege that Plaintiff had not committed a traffic infraction, that Defendants knew of his race, or even what race Plaintiff is. *See id.*

Similarly, the amended complaint is devoid of any facts to suggest that Defendants lacked probable cause to search the vehicle. Plaintiff only alleges that Defendant Womack "claimed to smell an odor of old, burnt marijuana from Plaintiff's vehicle," which if true, provided Defendants with probable cause to search the vehicle for marijuana. *United States v. Ushery*, 400 F. App'x. 674, 676 (3d Cir. 2010); *State v. Walker*, 62 A.3d 897, 902 (N.J. 2013); *State v. Higgins*, No. A-3009-17T3, 2019 WL 1503859, at *2 (N.J. Super. Ct. App. Div. Apr. 5, 2019). Thus, although Plaintiff states that Defendants did not find any marijuana, he fails to allege facts that would dispute the basis of the search, *i.e.*, an allegation that the car did not smell of marijuana.

Taken together, the Court finds that the amended complaint, as written, fails to state a claim against either Defendant for false arrest or imprisonment, and that Plaintiff cannot maintain an independent due process claim. *Cf. Pettway*, 2015 WL 2344626, at *5. Consequently, the Court will dismiss without prejudice Plaintiff's due process, false arrest, and false imprisonment claims.

## C. Kidnapping

Finally, separate and apart from his other claims, Plaintiff alleges that Defendants "kidnapped Plaintiff through inane accusations." (ECF No. 10-4, at 5). Under New Jersey law, however, kidnapping is a criminal offense. *See* N.J. Stat. Ann. 2C:13–1. The Court is unaware of any civil offense for kidnapping in New Jersey. *E.g., Gage v. Somerset Cty.*, No. 16-3119, 2017 WL 436258, at *5 (D.N.J. Jan. 31, 2017); *Bey v. Clementon Elementary Sch./Dist.*, No. 10-5609, 2011 WL 2973772, at *5 (D.N.J. July 21, 2011). Therefore, because kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over Plaintiff's kidnapping claims. *See Bey v. Pennsylvania*, 345 F. App'x 731 (3d Cir. 2009) (affirming district court dismissal of plaintiff's state criminal claims for lack of subject matter jurisdiction);

Accordingly, the Court will dismiss with prejudice Plaintiff's kidnapping claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Plaintiff's racial profiling, due process, false arrest, and false imprisonment claims. Additionally, the Court will dismiss with prejudice Plaintiff's kidnapping claims and deny the motion to reopen. An appropriate order follows.

DATED: May 17, 2019

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge